IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

      -v-

MARIAN ASENOV PENEV,

           Defendant.

_____

06-CR-6009

**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S OMNIBUS PRETRIAL MOTIONS**

      The United States of America, through its attorney, Terrance P. Flynn, United States Attorney for the Western District of New York, Richard A. Resnick, Assistant United States Attorney, of counsel, does hereby make and file its response to the omnibus pretrial motions filed by the defendant, Marian Asenov Penev.

## I. MOTION TO SUPPRESS EVIDENCE

      The defendant has moved to suppress evidence seized from the execution of certain search warrants. These motions should be denied.

### A. EVIDENCE SEIZED FROM DEFENDANT'S HOME

      During the search of the defendant's residence on December 29, 2005, local law enforcement officers seized various computer and telephone related equipment, along with other physical evidence. A copy of the search warrant is attached to the defendant's motion. At this time, the government only intends to

introduce at trial evidence contained in one computer seized from the defendant's residence, a cell phone and possibly two handwritten notes. Specifically, this evidence is identified as follows:

   1. A Sony VAIO PCY 1.5 GH2 with serial number 0021146834 (a mirror copy of this computer has been provided to the defendant.)

   2. Samsung cell phone.

   3. Two handwritten notes.

The defendant argues that this evidence should be suppressed because the local law enforcement officers seized other evidence which exceeded the scope of the warrant. The defendant is mistaken.

First, all of the items seized by the local law enforcement officers were in fact within the scope of the search warrant. The search warrant specifically authorized the seizure of computer and cell phone related equipment. It further authorizes the seizure of photographs, personal logs, etc., and documents and notes related to the ownership of the residence. Thus, all of the items seized, which items are identified in the Monroe County Sheriff's Office's property custody report, were covered under the search warrant.

Second, assuming for argument's sake that some of the items seized were beyond the scope of the search warrant, this would not result in the suppression of the items seized which were

within the scope of the search warrant.  Clearly, the computer and the cell phone which the government intends to use at trial from the search of the defendant's residence were within the scope of the search warrant.  The defendant argues that there should be a blanket suppression of all the items seized during the search.  He relies on the tenth circuit case, <u>United States v. Medlin</u>, 842 F.2d 1194, 1199 (10th Cir. 1988).  However, the tenth circuit's unusual remedy of a blanket suppression is only for rare cases where there is a flagrant disregard for the terms of the warrant.  <u>See</u> <u>United States v. Le</u>, 173 F.3d 1258, 1269 (10th Cir. 1999)(remedy for improperly seized evidence is suppression of such items, not a blanket suppression of all evidence seized), and <u>United Stats v. Carpenter</u>, 317 F.3d 618, 624 (6th Cir. 2003)(where <u>Medlin</u> remedy found not applicable because improperly seizing some items was not a flagrant violation).

    Here, again assuming only for argument's sake that the local law enforcement officers did seize items which were outside the terms of the warrant, this was not such a flagrant disregard for the terms of the warrant warranting a blanket suppression of all the items seized.

**B.  EVIDENCE SEIZED FROM DEFENDANT'S PLACE OF BUSINESS**

**December 29, 2005 Search Warrant Of Place Of Business**

During the search of the defendant's place of business on December 29, 2005, local law enforcement officers seized various computer and telephone related equipment, along with other physical evidence.  A copy of the search warrant is attached hereto as Exhibit 1.  At this time, the government only intends to introduce at trial the following evidence obtained from such search warrant:

> 1.  The four foam pieces seized from the "pit" at the business which are suspected to have the defendant's semen on them.  The biological forensic report has been provided to the defendant.

The defendant argues that this evidence should be suppressed because the local law enforcement officers seizure of this evidence exceeded the scope of the warrant.  The defendant is mistaken.

All of the items seized by the local law enforcement officers, including the four foam pieces, were within the scope of the search warrant.  This search warrant specifically authorized the search of the **entire** place of business and the seizure of computer and cell phone related equipment, **and** evidence of the crimes listed in the search warrant pursuant to Sections 690.10(2), (3) and (4) of the New York State Criminal

Procedure Law.  The foam pieces containing the defendant's semen constitutes evidence of the crimes listed in the search warrant and were within the scope of the warrant.  The affidavit in support of the search warrant identified the precise spot - the Pit - where the minor claimed she and the defendant engaged in sexual conduct.

Sections 690.10(2), (3) and (4) provide, in pertinent part, that personal property is subject to seizure pursuant to a search warrant if there is reasonable cause to believe that it:

- (2) is unlawfully possessed;
- (3) has been used or possess for the purpose of being used to commit or conceal a crime, or
- (4) constitutes evidence or tends to demonstrate that an offense was committed.

Thus, the defendant is mistaken when arguing that "the warrant limits the authority conferred to electronic or other media evidencing commission of the described offenses or defendants use of the property."

**February 1, 2006 Search Warrant Of Place Of Business**

During the second search of the defendant's place of business on February 1, 2006, local law enforcement officers seized various foam pieces from the pit, which contain biological evidence. The defendant concedes in his motion that this evidence was within the scope of the warrant and not subject to suppression. The biological forensic report has been provided to the defendant.

## II. RULE 404(b), 608(B) AND 609 MATERIAL

The defendant seeks the disclosure of all Rule 404(b), 608(a) and 609(a) material upon which the government intends to rely at trial. The government believes it has disclosed a fair portion of the evidence in its possession -- including the defendant's criminal record -- which might fall within the ambit of these rules. Furthermore, the government hereby notifies the defendant that it intends to introduce at trial pursuant to Rule 404(b), any and all prior criminal conduct, bad acts or wrongs for the purpose of showing proof of his motive, opportunity, intent, preparation, plan, knowledge, identity and/or absence of mistake or accident. This notice is only preliminary in nature and is not intended to foreclose the government from relying on other types of Rule 404(b) evidence should it deem the

introduction of such evidence appropriate at the time of trial. The government will provide the defendant with a more definitive notice of its intent to rely on Rule 404(b) evidence two weeks prior to trial.

The government declines to release any further impeachment information at this juncture. To provide defense counsel with advance notice of impeachment evidence -- whether under Rules 608, 609 or otherwise -- would obviously destroy its effectiveness and undermine the truth seeking function of the jury. As at least one court has held, there is simply "[n]o rule or rationale [which] guarantees the defense advance knowledge of legitimate impeachment [material] before it calls a witness."[1] United States v. Baskes, 649 F.2d 471, 477 (7th Cir. 1980), cert. denied, 450 U.S. 1000 (1981); cf. United States v. Stevens, 985 F.2d 1175, 1180 (2d Cir. 1993) (evidence does not become discoverable "merely because it would have dissuaded the defendant from proffering easily impeached testimony").

Any questions with respect to the propriety and the timing of the disclosure of any further Rule 404(b), 608(b) or 609

---

[1] It should be noted in this regard that the courts have refused to read the 1991 "reasonable notice" amendment to Rule 404(b) as requiring the pretrial disclosure of impeachment evidence. See, e.g., United States v. Alex, 791 F. Supp. 723, 728-29 (N.D. Ill. 1992) (rejecting argument that amendment to Rule 404(b) can be read to require pretrial disclosure of 608(b) evidence); United States v. Allen, 1993 WL 427717 (N.D. Ill. 1993) (same).

7

information can be addressed to the Court at the time of the pre-trial conference.  See Decision & Order of Hon. Jonathan W. Feldman in United States v. LaFountain, et al., 95-CR-6060T, slip op. at 5 (W.D.N.Y. August 1, 1996).

### III.  DISCOVERY AND INSPECTION

The government has provided, and continues to provide, voluntary discovery to the defendant.  It is noted that all documentary evidence to be used in this case has been disclosed, and continues to be disclosed, to the defendant.  The defendant has been notified that he is welcome to review the documentary and tangible evidence the government possesses at a mutually agreeable time.  If the government obtains any more documents or tangible items to be used in this case, they will be made available to the defendant.  Counsel for the United States notes that, through voluntary discovery, the defendant has received substantially all of the federal government's file in this case.  Documents from the state government's file have also been provided to the defendant.  Additional documents will be provided when received from the state government agencies.

The defendant also requests a mirror copy of the victim's family's computer.  The government strongly objects to this request.  The forensic examination of this computer has been provided to the defendant.  For obvious privacy reasons, there is

no need for the defendant to have a copy of the entire contents of the entire computer, which may contain tax records, personal information, emails regarding other family members, etc. Under Rule 16(d)(1), the Court is permitted to deny and restrict discovery.

Finally, the government presently intends to use all of the evidence shown and/or made available for inspection to defense counsel. More specifically, and without limitation, the government intends to use the following evidence at trial:

> 1. Computer hard drive belonging to the defendant and seized from his residence, a mirror copy of which has been provided to the defendant, and all relevant information contained on this item. This includes any statements the defendant made to the victim using this computer. This item was seized pursuant to a state search warrant, which has been provided to the defendant. This item was then turned over to the federal government pursuant to a federal search warrant.
>
> 2. Information and materials contained on the victim's computer. A forensic examination of this computer has been provided to the defendant.
>
> 3. Records from the defendant's credit cards, internet service provider and telephone service.
>
> 4. Records regarding the defendant's ownership and occupancy of his residence.
>
> 5. Foam pieces and blocks seized from the defendant's place of business.
>
> 6. The defendant's two cell phones seized by

the state government agencies.

7. Two handwritten notes seized from the defendant's residence.

8. A waistband belonging to the victim.

Computer Specialist/Expert

It is anticipated that the Government will call a witness or witnesses who examined the defendant's and victim's computers. The Government believes that the testimony will involve the witnesses' *technical and specialized knowledge* regarding the examination of computers under Rule 702 of the Federal Rules of Evidence. The witnesses will be asked to explain their training and background (resumes will be provided), the nature of the examination that they undertook of the computers and related media, and the methods and/or software used to assist them in the examination. Thus, the witnesses will be more in the nature of "fact" witnesses explaining how certain evidence was located. The Government is prepared to present the evidence pursuant to FRE Rule 702 and the requirements of the Supreme Court in <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993) and <u>Kumho Tire Company, Ltd. v. Carmichael</u>, 526 U.S. 137 (1999). However, the Government emphasizes that the *witnesses will be offered only* for their technical and specialized knowledge in the area of *computer examination*, not, for example, for expertise in the field of hardware or software development . <u>See</u> <u>United States v. Scott-Emuakpor</u>, 2000 WL 288443, 11-12, (W.D. Mich.

1/25/00) ("*The question before the Court at this time is not whether these witnesses have the expertise, for example, to develop sophisticated software programs. The question is whether they have the skill to find out what is on a hard drive or a zip drive. Apparently, they have this skill because they determined what was on the drives.*")

Already provided to the defense is a report and related files and data recovered from the victim's computer which the government believes adequately summarizes the nature of the examiner's testimony as required under Rule 16. The defendant should review the aforementioned materials and advise as to whether any further information is needed to adequately prepare for trial. Further, a mirror image of the defendant's computer has been provided to the defendant.

Forensic Biologist Expert

It is anticipated that the Government will call the forensic biologist as an expert witness regarding the foam blocks at issue and the determination that they contain relevant biological evidence. The expert has scientific, technical, and specialized training which will assist the jury in understanding the evidence and to determine a fact at issue. This expert's summary has been provided to the defendant in the form of a report dated June 21, 2006. This report describes the expert's opinions, the bases and reasons for those opinions, and the witness's qualifications.

The expert's opinion, in general, regards the finding that the defendant's DNA and the victim's DNA were found together on the items identified in the expert's report.

### IV. BRADY MATERIAL

While the government is fully aware of its responsibilities under the doctrine of Brady v. Maryland, 373 U.S. 83 (1963), it does not agree that the doctrine covers many of the Brady requests made by the defendants. Contrary to the extremely expansive notions underlying these requests, Brady does not create a constitutional right of pre-trial discovery in a criminal proceeding and it does not require that the prosecution reveal before trial the names of all of its witnesses. Weatherford v. Bursey, 429 U.S. 545, 559 (1977). Nor does it require the disclosure of evidence affecting the credibility of prosecution witnesses before it would otherwise become available under the discovery rules or the Jencks Act. See United States v. Dotel, No. 93CR173, 1994 WL 25787, slip op. at 3 (S.D.N.Y. 1994) (Brady impeachment material as to government's witnesses -- i.e. Giglio material -- is properly disclosed when witness testifies at trial); United States v. Feldman, 731 F. Supp. 1189, 1200 (S.D.N.Y. 1990) (same); United States v. Victor Teicher & Co., L.P., 726 F. Supp. 1424, 1442-43 (S.D.N.Y. 1989)(same).

Further, Brady "does not require the Government to do

defense counsel's pre-trial preparation, nor develop a defense strategy, nor does it require the Government to point out the obvious." United States v. Larson, 567 F. Supp. 500, 503 (S.D.N.Y. 1983), aff'd, 742 F.2d 1443 (2d Cir. 1984). Accord United States v. Amor, No. 92CR223, 1992 WL 309875, slip op. at 4 (N.D.N.Y. 1992) ("'the purpose of the Brady rule is not to provide a defendant with complete disclosure of all evidence in the government's file which might conceivably assist him in the preparation of his defense, but to assure that he will not be denied access to exculpatory evidence known to the government but unknown to him.'") (quoting United States v. Ruggerio, 472 F.2d 599 (2d Cir.), cert. denied, 412 U.S. 939 (1973))).

With these limitations in mind, the government believes that it has disclosed and made available for inspection most, if not all, of the evidence which is factually exculpatory. The government will continue to review its files for any such additional evidence.

## V. JENCKS ACT MATERIAL

The defendant seeks disclosure of material pursuant to Rule 16 of the Federal Rules of Criminal Procedure and Title 18, United States Code, Section 3500. The government is aware of its duties thereunder and will turn over all Rule 16 and Jencks Act material before trial as directed by the trial court.

## VI. FURTHER RELIEF

The government has no objection to the filing of additional motions as would be permitted under the Federal Rules of Criminal Procedure, if the basis for such motions does not include information which is now, or through the exercise of due diligence should have been, known to the defendant.

## VII. GOVERNMENT'S REQUEST FOR RECIPROCAL DISCOVERY

The government hereby requests that the defendant be ordered to produce any and all discovery to which the government is entitled under Rules 16(b)(1)(A), 16(b)(1)(B) and 16(b)(1)(C) of the Federal Rules of Criminal Procedure.

## VIII. CONCLUSION

For the reasons specified herein, the defendant's pre-trial motions for various forms of relief should be denied except insofar as the materials and information requested have been provided, or the relief sought in the motions is not at issue. Further, the government's motion for reciprocal discovery should be granted.

DATED:   October 6, 2006
         Rochester, New York

TERRANCE P. FLYNN
United States Attorney


BY: S/RICHARD A. RESNICK
_____
RICHARD A. RESNICK
Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

      v.

                                         06-CR-6009

MARIAN ASENOV PENEV,

          Defendant.

**CERTIFICATE OF SERVICE**

    I hereby certify that on October 6, 2006, I electronically filed the foregoing with the Clerk of the District Court using its CM/ECF system, which would then electronically notify the following CM/ECF participants on this case:

1.    DONALD M. THOMPSON, ESQ.

                                    S/ANNA M. SEDOR
                                    ANNA M. SEDOR