IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

  -v-

MARIAN ASENOV PENEV,

          Defendant.

06-CR-6009CJS

---

**PLEA AGREEMENT**

The defendant, MARIAN ASENOV PENEV, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

## I. THE PLEA AND POSSIBLE SENTENCE

1. The defendant agrees to plead guilty to Count 1 of Superseding Indictment 06-CR-6009 charging a violation of Title 18, United States Code, Section 2422(b) (coercion and enticement of a minor to engage in sexual activity), which carries a mandatory minimum sentence of a term of 5 years in prison and a maximum possible sentence of a term of imprisonment of 30 years, a fine of $250,000, or both, a mandatory $100 special assessment and a term of supervised release of up to life. The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at

sentencing.

2. The defendant understands that the Court must require restitution in an amount determined by the Court to be paid to any victim, including any victim effected by relevant conduct, as part of the sentence pursuant to Sentencing Guidelines §5E1.1 and Title 18, United States Code, Sections 3663(a)(1)(A) and 3663A.

3. The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to life, without credit for time previously served on supervised release. As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in Paragraph 1 of this agreement.

## II. SENTENCING GUIDELINES

4. The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

## **ELEMENTS OF THE CRIME**

5. The defendant understands the nature of the offense set forth in Paragraph 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

> (a) that the defendant knowingly used a computer to attempt to persuade, induce or entice an individual under the age of eighteen (18) to engage in sexual activity;
>
> (b) that the defendant believed that such individual was less than eighteen (18) years of age;
>
> (c) that if the sexual activity had occurred, the defendant could have been charged with a criminal offense under the laws of the State of New York; and
>
> (d) that the defendant acted knowingly and willfully.

## **FACTUAL BASIS**

6. The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

> a) At all times relevant, the defendant was a gymnastic coach in the Western District of New York.
>
> b) Between February 2005 and December 26, 2005, the defendant engaged in internet chats

and email conversations with an individual he knew to be a twelve year old and then thirteen year old female who was residing in Rochester, New York area in the Western District of New York. This minor was one of the defendant's gymnastic students.

c) During the internet chats and email conversations, the defendant had sexually explicit conversations with the minor. Specially, during these chats and conversations, the defendant discussed with the minor the sexual conduct in which the defendant intended to engage in the future. The defendant used the internet to entice the minor to have sexual activity with him.

d) The sexual activity the defendant engaged in with the minor was conduct for which the defendant could have been charged with a criminal offense under the laws of the State of New York. This sexual activity also took place while the minor was in the custody, care and supervisory control of the defendant.

## **BASE OFFENSE LEVEL**

7. The government and the defendant agree that Guidelines § 2G1.3 applies to the offense of conviction and provides for a base offense level of 24.

## SPECIFIC OFFENSE CHARACTERISTICS

## USSG CHAPTER 2 ADJUSTMENTS

8. The government and the defendant agree that the following specific offense characteristics do apply:

    (a) the two level increase pursuant to Guidelines § 2G1.3(b)(1) (the minor was in the custody, care and supervisory control of the defendant).

    (b) the two level increase pursuant to Guidelines § 2G1.3(b)(2) (the defendant unduly influenced the minor to engage in prohibited sexual conduct).

    (c) the two level increase pursuant to Guidelines § 2G1.3(b)(3) (use of a computer to persuade, induce, entice or coerce the minor to engage in prohibited sexual conduct).

    (d) the two level increase pursuant to Guidelines § 2G1.3(b)(4) (the offense involved the commission of a sex act and sexual contact).

## ADJUSTED OFFENSE LEVEL

9. Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for the offense of conviction is 32.

## ACCEPTANCE OF RESPONSIBILITY

10. At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level downward adjustment of Guidelines § 3E1.1(a) (acceptance of responsibility), and further agrees to move the Court to apply the additional one (1) level downward adjustment of Guidelines § 3E1.1(b), which would result in a total offense level of 29.

## CRIMINAL HISTORY CATEGORY

11. It is the understanding of the government and the defendant that the defendant's criminal history category is I. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

12. It is the understanding of the government and the defendant that, with a total offense level of 29 and criminal

history category of I, the defendant's sentencing range would be a term of imprisonment of 87 to 108 months, a fine of $15,000 to $150,000, and a period of supervised release of up to life. Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the maximum penalties set forth in Paragraph 1 of this agreement.

13. Notwithstanding the above calculations, it is the agreement of the parties pursuant to Rule 11(c)(1)(c) of the Federal Rules of Criminal Procedure that the Court at the time of sentence impose a sentence a term of imprisonment of 120 months as part of the appropriate sentence in this case. If, after reviewing the presentence report, the Court rejects this agreement, the defendant shall then be afforded the opportunity to withdraw the pleas of guilty. This agreement does not affect the amount of a fine or the length and conditions of a term of supervised release that may be imposed by the Court at sentencing.

14. The defendant understands that the Probation Office will make an independent determination of the defendant's total offense level and criminal history category and that the Court will ultimately determine the appropriate total offense level and criminal history category.

### III. **STATUTE OF LIMITATIONS**

15. In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any other criminal offense involving or related to the coercion and enticement of a minor to engage in sexual activity which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

### IV. **GOVERNMENT RIGHTS AND RESERVATIONS**

16. The defendant understands that the government has reserved the right to:

    a. provide to the Probation Office and the Court all the information and evidence in its

possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

b. respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

c. advocate for the amount of restitution and/or fine and the method of payment;

d. modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information regarding the recommendation or factor;

17. The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

## V. **APPEAL RIGHTS**

18. The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal, modify pursuant to Title 18, United States

Code, Section 3582(c)(2) and collaterally attack any component of a sentence imposed by the Court which includes a sentence of imprisonment of 120 months or less, and a fine and supervised release which falls within the ranges set forth in Section II, Paragraph 12 above, notwithstanding the manner in which the Court determines the sentence.

19. The government waives its right to appeal any component of a sentence imposed by the Court which includes a sentence of imprisonment of 120 months or greater, and a fine and supervised release which falls within the ranges set forth in Section II, Paragraph 12 above, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

### VI. **TOTAL AGREEMENT AND AFFIRMATIONS**

20. This plea agreement represents the total agreement between the defendant, MARIAN ASENOV PENEV, and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior

agreements, written or oral, entered into between the government and the defendant.

>
> TERRANCE P. FLYNN
> United States Attorney
> Western District of New York
>
> BY: /s/ Richard A. Resnick
> RICHARD A. RESNICK
> Assistant U.S. Attorney
>
> Dated: December 4, 2006

I have read this agreement, which consists of 11 pages. I have had a full opportunity to discuss this agreement with my attorney, Donald M. Thompson, Esq. I agree that it represents the total agreement reached between myself and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

>
> /s/ Marian Penev
> MARIAN ASENOV PENEV
> Defendant
>
> Dated: December 4, 2006
>
> /s/ Donald M. Thompson
> DONALD M. THOMPSON, Esq.
> Attorney for the Defendant
>
> Dated: December 4, 2006

-11-