# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NEW YORK

THE UNITED STATES OF AMERICA,

    -vs-

MARIAN ASENOV PENEV,

              Defendant.

**NOTICE OF MOTION**

Case no.: 06-CR-6009

    PLEASE TAKE NOTICE, that upon the affirmation of DONALD M. THOMPSON, attorney for the above-named defendant, and upon the Indictment and all prior proceedings had herein, the defendant will move this Court on April 19, 2007, at 2:00 p.m., for reconsideration of the Court's prior order refusing to accept the plea agreement in this case, for an order striking the Presentence Investigation Report and other documents filed in contemplation of sentencing and precluding the parties or the Court from relying upon such documents or in the alternative for recusal, and for such other relief as the Court may deem just and proper.

Dated: April 18, 2007

                              Yours,

                              s/Donald M. Thompson
                              **DONALD M. THOMPSON, ESQ.**
                              Attorney for MARIAN ASENOV PENEV
                              16 West Main Street, Suite 243
                              Rochester, New York 14614
                              (585) 423-0060

To:

Clerk, United States District Court
Western District of New York
282 Federal Building
100 State Street
Rochester, New York 14614

**RICHARD A. RESNICK, ESQ.**
Assistant United States Attorney
620 Federal Building
100 State Street
Rochester, New York 14614

# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE UNITED STATES OF AMERICA, | **AFFIRMATION** |
| -vs- | **AND AUTHORITIES** |
| | **IN SUPPORT OF** |
| MARIAN ASENOV PENEV, | **DEFENDANT'S MOTIONS** |
| Defendant. | |
| | Docket no.: 06-CR-6009 |

I, DONALD M. THOMPSON, ESQ., under penalties of perjury pursuant to 28 U.S.C. § 1746, state as follows:

1. I am an attorney licensed to practice in the State of New York and the United States District Court for the Western District of New York, I represent the defendant in the above-captioned matter, and I make the factual allegations contained herein in support of the relief sought in the annexed Notice of Motion.

2. Defendant MARIAN ASENOV PENEV is charged by the above-numbered indictment with coercion and enticement of a minor, violation of Title 18 U.S.C. § 2422(b).

3. The sources of the information set forth in this affidavit and the grounds for my belief are conversations between myself and the defendant, examination of the various papers filed in connection with this proceeding, examination of the voluntary discovery previously provided by the prosecution, and my independent investigation of the facts giving rise to the above-mentioned charges.

4. On April 12, 2007, the Court indicated that it would not accept defendant's Rule 11(e)(1)(C) plea agreement providing for a sentence of 121 months. This is defendant's motion challenging that decision or, in the alternative, requesting recusal as well as the other relief set forth below.

5. The Court indicated that based on information concerning the relationship between the victim and the defendant obtained through review of the "victim impact" letters submitted by the victim and her parents, it could not accept the 11(c)(1)(C) plea agreement.

6. First, as more fully set forth below and in defendant's letter to the Court dated March 29, 2007, attached as Exhibit A and incorporated by reference, even if the Court could at some point properly consider the information offered in the victim impact letters, it may not properly consider such information without providing defendant an opportunity to object to or contest the claims made.

7. These letters, and others, were provided directly to the Court by the government prior to the filing of the amended PSR, which addressed the content of the letters supplied. Because the amended PSR was not prepared within the time required to allow for defense review prior to the scheduled sentencing date of April 20, 2007 (*see*, 18 U.S.C. § 3552; Rule 32[e]), the probation officer offered to request an adjournment of the scheduled sentencing date and I, as counsel for the defendant, requested that he do so.

8. By letter dated March 22, 2007 (Exhibit B), I made a similar request. I renewed this request by letter dated March 23, 2007 (Exhibit C), and referenced again the need for

4

additional time Exhibit A, dated March 29, 2007. By letter dated March 28, 2007, the government indicated that it did not oppose defendant's request for an adjournment. The Court did not address defendant's request.

9. When, by letter dated April 4, 2007 (Exhibit D), defendant again requested that the Court consider the requests for adjournment, the Court scheduled the April 12, 2007 court appearance at which it rejected the plea agreement without addressing probation's and defendant's adjournment requests. In the interim, the probation officer filed the amended PSR without an opportunity for the defendant to object to or contest any of the allegations included within it.

10. Because, based on the above, defendant has not had an opportunity to oppose or object to any of the claims made (either in the victim impact statements, the other letters offered, or the PSR itself), the Court may not properly reject defendant's plea on the basis of those claims (*see, United States v. Curran*, 926 F.2d 59 [1st Cir. 1991] [Due process requires that defendant be given an opportunity to challenge the accuracy of allegations contained in victim impact letters, since defendant has a substantial right not to be sentenced based on information that is materially false]; *see also, United States v. Romano*, 825 F.2d 725 [2nd Cir. 1987] [same]; *United States v. Hayes*, 171 F.3d 389 [6th Cir. 1999] [same]).

11. Before a defendant's sentence may be based upon allegations raised in a PSR or other document submitted relative to sentencing, the defendant must be afforded an opportunity to address and contest such allegations (*see, United States v. Zuber*, 118 F.3d 101

5

[2nd Cir. 1997]). Here, however, the allegations set forth above which defendant has not had an opportunity to respond to provide the sole basis for the Court's ruling rejecting the sentence limitation in the plea agreement, in violation of defendant's due process rights.

12. Second, the reason offered by the Court for rejecting the plea is contradicted by the record. The Court indicated that it was rejecting the plea based on new information about relationship between victim and defendant provided by the letters from the victim and her parents, however the Court was advised of these relationship by the plea agreement itself, as well as the prior proceedings before this Court.

13. Paragraph 6 of the plea agreement specifically states that defendant was the victim's gymnastics coach and that the victim, at the time of the criminal conduct, was in the custody, care, and supervisory control of the defendant. Paragraph 8 of the agreement applies a two-point increase in the offense level because the victim was in the custody, care, and control of the defendant, and applies an additional two-point increase based on the defendant's position of undue influence over the victim. Thus, both the relationship between the defendant and the victim as well as the defendant's abuse of a position of trust were both well-known to the Court without resort to the claims in the victim impact letters.

14. Third, as indicated in Exhibit A, the because defendant pled guilty to the top (and only) count of the indictment, 18 U.S.C. § 3771 bars the victim from being heard with respect to her dissatisfaction with the bargained-for sentence (more properly in this case, the victim's parents, since the victim herself has expressed no dissatisfaction with the sentence).

15. Although the Court stated that it contended that it disregarding victim's sentencing desires as stated in the victim impact letters, it specifically relied on information contained in those same letters to reject the plea agreement and thereby expose the defendant to a greater sentence. Therefore, regardless of the Court's attempt to qualify its consideration of the victim impact letters, the victim *was* heard relative to the proposed sentence and, as a result of that hearing, the Court rendered a decision adverse to the defendant's interests, all contrary to 18 U.S.C. § 3771.

16. Nor are the victim's requests able to be compartmentalized as the Court indicated it was doing when rejecting the plea agreement. The victim's requests for an enhanced sentence (which may not be considered) are particularly and specifically related to and based upon the violation of the trust relationship between the defendant and the victim, the reason offered for the Court's rejection of the plea agreement. Thus, the Court's qualifications notwithstanding, the victim's statements relative to sentencing were meant to, and in fact did, result exposure to an enhanced sentence in violation of 18 U.S.C. § 3771.

17. Defendant also objected to the Court's consideration of victim impact statements offered by persons who are not "victims" as defined by 18 U.S.C. § 3771 on the grounds of notice, timeliness, and lack of any authority permitting such persons to be heard. The Court did not rule on whether such "community impact" statements may be considered and did not indicate that it was *not* relying on those statements in reaching its decision to reject defendant's plea agreement. To the extent that the Court's decision is based on these

statements, defendant contends that it is improper. Defendant requests that the Court refuse to consider these statements, strike such statements from the record in this case, and reevaluate its rejection of defendant's plea agreement without reference to any such statements.

18. The Court also did not rule on whether it could consider the opinion submitted by a certified social worker regarding the victim's alleged long-term need for treatment, but did indicate that he'd received and reviewed it. The Court did not indicate that it was not considering the social worker's opinion in reaching its decision rejecting defendant's plea agreement. Likewise, the Court did not address defendant's request for an opportunity to allow a qualified psychiatrist to offer an opinion, which a certified social worker is not qualified to give, concerning the victim's need for long-term treatment.

19. As with the "non-victim impact" letters, defendant objects to the Court's decision rejecting defendant's plea agreement, to the extent that it is based upon the social worker's opinion, which defendant certainly could, but has not been allowed an opportunity, to challenge.

20. The Court's reliance upon allegations contained in the PSR and the victim and non-victim impact statements which have not been proven beyond a reasonable doubt and which defendant has had no opportunity to controvert or offer countervailing evidence concerning, invests those allegations, in the context of a rejected Rule 11(c)(1)(C) plea agreement, with the imprimatur of additional elements that increase the maximum sentence

that the defendant could otherwise receive in violation of *Blakely v. Washington*, 542 U.S. 296 [2004] and its progeny.

21. Defendant therefore requests an order striking the amended PSR and the other documents referenced above which were filed in preparation for sentencing for the reasons set forth above. Defendant further requests an order barring the use or consideration by the Court or the parties of such documents.

22. Defendant also moves for an order precluding the Court from considering the improperly received information with respect to its determination to reject the plea agreement in this case, and moves for reconsideration of that determination without reference to the stricken documents or information.

23. Finally, and in the alternative, defendant moves for recusal based on the Court's consideration of information not properly before the Court to which defendant has not had an opportunity to respond to or challenge prior to the Court's consideration and rejection of the plea agreement on that basis (28 U.S.C. § 455; *United States v. Bayless*, 201 F.3d 116, 126 [2nd Cir. 2000]; *In re Drexel Burnham Lambert, Inc.*, 861 F.3d 1307 [2nd Cir. 1988]).

24. The Court specifically stated that it was relying on information improperly before the Court when rejecting the plea agreement. The Court did not indicate that it was not relying upon information that, if ever properly before the Court, defendant should have an opportunity to challenge prior to the Court considering and relying upon it (such as the social worker's "expert" opinion and the non-victim "community impact" statements). Barring a

9

ruling that the Court will not rely upon this information in reaching its decision, the Court's objectivity, given its prior ruling, might reasonably be questioned (*United States v. Lovaglia*, 954 F.3d 811, 815 [2nd Cir. 1992]; *Liljeberg v. Health Services Acquisition Corp.*, 486 F.3d 847, 860 [2nd Cir. 1988]; *Apple v. Jewish Hospital*, 829 F.3d 326, 333 [2nd Cir. 1987]; *see also, United States v. Lee*, 648 F.2d 667 [9th Cir. 1981]).

25. The Court's access to and review of such information creates, at very least, the appearance of apparent bias relative to the Court's decision to reject defendant's plea, any determination declining to strike this information, and any ruling to reject defendant's plea agreement, purportedly without relying on such information. Further, the Court's grounds for rejection of the plea agreement (the relationship between the defendant and victim, as set forth in the plea agreement) creates an additional basis suggesting the appearance of partiality.

WHEREFORE, defendant requests that this Court issue an order granting the relief sought by these motions and for such other and further relief as is just and proper under of the circumstances of this case.

I declare, under penalty of perjury, that the allegations of fact set forth above are true and correct to the best of my knowledge.

Dated: April 18, 2007

s/Donald M. Thompson
DONALD M. THOMPSON, ESQ.
Attorney for MARIAN ASENOV PENEV