1              UNITED STATES DISTRICT COURT
                WESTERN DISTRICT OF NEW YORK
2     -----------------------------------x
      UNITED STATES OF AMERICA       :    Docket No. 06CR6009CJS
3                                     :
                        vs.           :
4                                     :
      MARIAN ASENOV PENEV             :
5                   Defendant         :
      -----------------------------------x Status
6
                        Transcript of Proceedings
7              Before Honorable Charles J. Siragusa
                   United States District Judge
8
                             Thursday
9                    September 27, 2007
                    Rochester, New York
10                       2:00 p.m.

11   A p p e a r a n c e s :
            RICHARD RESNICK, ESQ.
12          TIFFANY LEE, ESQ.
            Assistant United States Attorney
13          6200 Federal Building
            Rochester, New York 14614
14
            DONALD THOMPSON, ESQ.
15          16 West Main Street, Suite 243
            Rochester, New York 14614
16          Attorney for Defendant

17

18

19

20

21   Reported By:

22   Karen J. Bush

23   Official Court Reporter

24   U.S. District Court - WDNY

25   (585) 613-4312

1   THE COURT:  For the record, this is the matter of

2   the United States versus Marian Penev.  The Court notes the

3   presence of Mr. Thompson on behalf of Mr. Penev; and Mr.

4   Resnick on behalf of the Government; and Mr. Spogen from

5   probation.  Mr. Penev is not here.  The Court determines he

6   does not need to be because this is merely a scheduling

7   matter, but I did want to get everyone here so we can set down

8   the date.  I received the following letter from Mr. Thompson.

9   "Your Honor, as you know, this matter is scheduled for

10  sentencing on October 1st, 2007.  On September 24th, 2007, I

11  was provided, by email, with a third revised copy of the

12  presentence investigation report.  Mr. Penev has not yet been

13  provided with a copy of the report, since he is presently

14  housed in Ohio.  And were it sent to him by myself or the

15  Probation Department, would not have reached him before he is

16  transported back to the Western District of New York for

17  sentencing.  For the same reason, I have not had an

18  opportunity to review the most recent revisions with Mr.

19  Penev, and, consequently, I'm unable to determine what

20  position he wishes to take with respect to these revisions,

21  which relate primarily to request for restitution 18 U.S.C.

22  Section 3552(d) requires that the presentence report be

23  provided to the defendant and Defense Counsel at least 10 days

24  prior to sentencing.  Mr. Penev does not waive his rights to

25  this minimum notice period."  18 U.S.C. Section 3552 reads as

1  follows:  The Court shall assure that a report filed pursuant

2  to the section is disclosed to the defendant, the counsel for

3  the defendant and the attorney for the government at least 10

4  days prior to the date for sentencing, unless this minimum

5  period is waived by the defendant.  Mr. Thompson is correct,

6  the report that would be filed, and the procedure in this

7  district is that once sentencing occurs, the final version of

8  the probation -- of the presentence report is filed.  Of

9  course, it's automatically filed under seal pursuant to the

10  case law, so in this case, the report that would be filed is

11  the one with the revisions dated September 24th.  The statute

12  appears clear, Mr. Resnick, that unless the defendant waives,

13  he is entitled to that 10 days before sentencing.  I don't

14  know if the Government disagrees.

15         MR. RESNICK:  Your Honor, practically speaking, he

16  has had this 10 days before.  It's a few minor changes

17  updating things with respect to a letter that was submitted to

18  the Court, a change in a statute in the restitution paragraph.

19  You can see there are only four paragraphs that were changed.

20  We've got family members --

21         MR. THOMPSON:  And the special conditions were

22  changed as well.

23         MR. RESNICK:  We have family members with

24  non-refundable plane tickets, flying in a lot of people,

25  taking days off from work.

1      THE COURT:  I'm not arguing, but I'm looking at the

2   statute and it says that a report filed -- pursuant to this

3   section, that a report -- the report that will be filed

4   pursuant to the section, is this report, I don't know how --

5   I've looked at case law, now nothing specifically deals with a

6   revised report.

7      MR. RESNICK:  I guess what I'm asking then, Mr.

8   Penev and Mr. Thompson waive this requirement based on the few

9   minor changes so we do not keep jerking this family around.

10  We've adjourned this sentencing so many times, family members

11  have changed and the victim's friends have changed dates to

12  come.  We've got college students coming up from college.  I

13  could see if this was something, a major issue or something

14  that really needed to be addressed.  He knew the restitution

15  issue was going to be addressed.  We addressed it at the plea

16  agreement and said there was going to be restitution.  And we

17  submitted to the Court what we believe is the restitution

18  number.  It's not a surprise to anybody.  We have got to stop

19  playing the games.

20      MR. THOMPSON:  It was previously adjourned at the

21  request of the victim's family.

22      THE COURT:  Stop.  The issue is not -- my issue is

23  what the law says.  That's all I'm trying to do, what the law

24  says is.  And I read the law, if -- Mr. Resnick, I'm not

25  arguing with you, I'm not arguing with Mr. Thompson, I'm just

1  saying the last thing I want to do as a judge is run afoul of

2  the law and have a case come back because it is remanded back.

3          MR. RESNICK:  I guess what I'm asking Mr. Thompson

4  is to reconsider and withdraw.  He can waive this requirement

5  so we can just get on with the sentencing.

6          THE COURT:  That is, of course, between the

7  Government and Mr. Thompson.  Clearly if Mr. Thompson waives,

8  then we can proceed; if he doesn't, we're here because he

9  wrote in his letter specifically Mr. Penev does not waive and

10  that's consistent, at least, with case law that says if you

11  don't raise it, it's waived.  So, he has indicated that he is

12  not waiving it.  Should Mr. Thompson change his mind or should

13  the Government meet with Mr. Thompson and prevail, but I need

14  to know today.  There is no point to having Mr. Penev brought

15  up from Ohio today if we can't have sentencing for two or

16  three weeks.

17          MR. THOMPSON:  He's not waiving.

18          THE COURT:  If you have some law, Mr. Resnick.

19          MR. RESNICK:  I'm sure there is not.  I understand

20  the law and I ask Mr. Thompson if he'll waive it.  If he is

21  telling us he won't, that's his position.  I ask that before

22  we set a sentencing date, I can meet with the family, discuss

23  a certain time convenient with them.  They have people flying

24  in and taking off, just to set a date two weeks from now may

25  not be clear.

1          THE COURT:  Let me make it clear.  This is the last

2    presentence report.  I don't want to get --

3          PROBATION:  This is the last presentence report.

4    There is still some outstanding documentation from counselors,

5    but as far as Probation is concerned, I'll make sure this is

6    the last report.

7          THE COURT:  Here is what -- there can't be -- and I

8    want everyone to understand, no secret, it's an 11(c)(1)(C).

9          MR. RESNICK:  Yes.

10          THE COURT:  Clearly I think the law is clear

11    11(c)(1)(c), if memory serves me correctly, and counsel can

12    correct me, the Government and the Defendant were asking for a

13    sentence of sixteen years.

14          MR. RESNICK:  Yes, your Honor.

15          THE COURT:  11(c)(1)(C), the defendant understood

16    that if he received up to life supervised release, he couldn't

17    withdraw his plea.  And the fine range may have also been

18    included.  Obviously, under -- the section escapes me, but

19    restitution is mandatory.  So the issue becomes what is the

20    restitution.  Mr. Thompson, I anticipate at sentencing if it

21    was going, so I've been reading the submissions is objecting

22    to lifetime counseling fees.

23          MR. RESNICK:  Your Honor, can I make one -- I really

24    think these changes he made, they were just technical stuff.

25    He said we can withdraw this PSR and go with the last one and

1    that's my suggestion and he really has got no issue then.

2    This way we can proceed on Monday and get this over with and

3    the family can go ahead and keep their plans and people can

4    fly in and --

5            PROBATION:  It's up to the Court, your Honor.  I

6    mean, all I revised was some updated restitution information,

7    a new letter from the counselor.

8            THE COURT:  There was reference to a letter from the

9    counselor, but the letter wasn't attached to the presentence

10   report.  Presumably the letter was sent to the defense?

11           MR. THOMPSON:  No.

12           PROBATION:  The information in the presentence

13   report is exactly what I -- the information that I got, the

14   updated letter.

15           THE COURT:  I didn't see -- I mention that because

16   if memory serves me correctly, initially attached to the

17   victim impact letter by either the victim or other, her

18   parents, that was sent to the defense and it was the request

19   of the government application to seal, way back when there was

20   some -- this report from this licensed certified social

21   worker, but that certainly wasn't dated September of 2007.

22           MR. RESNICK:  I just have an updated letter with the

23   actual restitution numbers.  We can submit that in a letter

24   outside of the PSR.

25           THE COURT:  I assume that got provided to the

1  defense as well?

2          MR. THOMPSON:  No.

3          MR. RESNICK:  It's -- if it's not in, the Probation

4  has read it and we'll provide a hard copy to the Defense

5  Counsel and go along with the PSR dated in May.

6          THE COURT:  I'm confused.  Bear with me.  Mr.

7  Resnick, if you're withdrawing, and I don't know if you can, I

8  haven't looked at that issue, I don't know if you can, I don't

9  know, maybe the defense would prefer you to withdraw the

10  presentence report, I don't know if the presentence report,

11  because I didn't look at it, again, I don't know if the

12  presentence report had any figure of restitution.

13          MR. THOMPSON:  Well, it does to date, which is

14  include in -- included in the amended PSR and then there are

15  requests.

16          THE COURT:  When we say amended PSR.

17          MR. THOMPSON:  This one, the most recent.

18          THE COURT:  Is there restitution in the other one?

19          MR. THOMPSON:  $8,000 to date basically for

20  counseling expenses in conjunction with the request for or the

21  indication that lifetime counseling will be required.

22          THE COURT:  But the Court has one and reserved on

23  lifetime, it can be authorized, but there has to be -- the law

24  is pretty clear in this case, Mr. Resnick, there is no

25  indication -- how could I possibly determine the certainty of

1   the amount?

2           MR. RESNICK:  We've had an amount that was paid up

3   to date and that is all we submitted.  The counselor says --

4           THE COURT:  You're not asking for lifetime

5   counseling fees?

6           MR. RESNICK:  I asked for something from the

7   counselor to provide what they believe would be future

8   sessions.  They can't provide that information because it's

9   unethical, so based on that, you're right, I don't know how I

10  could articulate a number.

11          THE COURT:  What the government is doing, because I

12  read Mr. Thompson's submissions in detail, and the objection

13  seems to be to lifetime counseling fees.

14          MR. THOMPSON:  That is part of it.

15          THE COURT:  You're not seeking that, so you're only

16  --

17          MR. RESNICK:  I've been trying to get a firm number

18  of something that the Court could use as a basis to give us

19  that number, but I don't think I'm going to have that

20  information.  I don't think anybody is going to be able to

21  provide that information because I've been told it's unethical

22  or to try and anticipate how much counseling is going to be

23  needed.

24          THE COURT:  So, if you cut through all that, what

25  the government is seeking is counseling fees to date?

 1          MR. RESNICK:  Yes, unless I can get a better number.

 2    I've been told that I can't.

 3          THE COURT:  So, if you get a better number -- let's

 4    go back to the other, I don't know if you can withdraw.  I

 5    don't know if you can withdraw the presentence report.  I

 6    mean, I don't know the impact of the proposed special

 7    condition.

 8          PROBATION:  Your Honor, the only change in the

 9    special condition was since this date started was a special

10    condition for computer monitoring where the defendant may have

11    to pay part of the costs of the monitoring and a special

12    condition as to future restitution.  But, if that is not an

13    issue at this point, then that condition doesn't have to

14    stand, either, and the only change is in restitution from the

15    May 3rd, 2007 PSI and the current one that was submitted

16    September 24th is the May 3rd report speaks of restitution up

17    through May, which was approximately $3,500 and now

18    restitution in the new submitted PSI is approximately $8,000.

19          THE COURT:  So, let me stop, so we're all on the

20    same page.  If we were to withdraw then, the Government --

21          MR. RESNICK:  I don't want to give up the future --

22    I would say we can provide the Court that outside of the

23    presentence report because, obviously, it's being updated

24    every day and it may change as of MOnday because of another

25    counseling session.  So, I mean, that information, I don't

1  believe, has to be in the PSR, the exact amount of

2  restitution.  The fact that restitution will be based and even

3  future restitution, if we could can provide the Court with

4  some basis to go by is not a mystery to anybody.  Now, if Mr.

5  Thompson has a dispute with the amount of the restitution, we

6  can handle that at sentencing.  It doesn't have to be in the

7  PSR we can go back to the PSR.  And I'll provide you an

8  updated amount in the --

9          THE COURT:  I guess the ball is in your court.

10          MR. THOMPSON:  I'm not waiving anything without

11  talking to my client.  I haven't had a chance to talk to my

12  client.

13          THE COURT:  Here is the conundrum.  I don't know the

14  answer.  I don't know if anybody knows the answer:  Can you

15  just withdraw after submitting a revised presentence report to

16  the Court, can you just say never mind?

17          MR. RESNICK:  Well, I think it's the one that's

18  going to be filed and the parties agree.

19          THE COURT:  It's clear from reading the statute that

20  the 10 days pertains to providing the PSR that is going to be

21  filed, no dispute on that.  The only issue I have is now

22  everyone having now been provided with the report, the revised

23  report, I mean, the parties can consent to anything.  If the

24  parties consent, then I don't see that there is any problem.

25  On the other hand, if everyone doesn't consent, then I don't

1  know that I can just unilaterally say, okay, nevermind, you

2  gave me one, nevermind.  So, the first issue is do the parties

3  consent?  How do counsel suggest we resolve that?  Mr.

4  Thompson, if I hear you correctly, you're not suggesting, as

5  you stand here, that you're not consenting, you're indicating

6  that you need to speak to your client.

7          MR. THOMPSON:  I'm indicating that I'm not waiving

8  anything without speaking to Mr. Penev first.

9          THE COURT:  But the point is, you're not saying that

10  you won't waive, you're just saying I need to speak to my

11  client to see if he wants to waive.

12          MR. THOMPSON:  I'm not saying that I won't waive.

13  That's his choice, it's not my choice to make.

14          THE COURT:  All right.  Mr. Penev is due to be here

15  tomorrow.  I don't know what time tomorrow.

16          MR. THOMPSON:  I don't know, either.

17          THE COURT:  I was going to try to, obviously, inform

18  the Marshals they need not bring him.  What do counsel

19  suggest?  If Mr. Penev is brought here tomorrow --

20          MR. RESNICK:  I suggest he is brought here tomorrow.

21  Mr. Thompson can talk about these minor issues that have been

22  changed with the PSR, see if he'll agree to this, to this PSR

23  and if not --

24          THE COURT:  You're already saying you're not waiving

25  as to this PSR or you may waive if you talk to him?

1          MR. THOMPSON:  I don't know what position -- I'm

2    entitled to time to talk to him, so even if he winds up saying

3    I don't object to the new amendments, I might need more time

4    than the 10 days, that is why the 10 days are in the statute,

5    I anticipate.

6          THE COURT:  So the way it stands now, the only way

7    -- and, again, counsel, jump in any time, the only way

8    sentencing will proceed as scheduled is if the defendant

9    consents to rely on the -- if everyone consents that this PSR

10   can be withdrawn and the one that will be filed is the one

11   dated, what, May 3rd?

12         PROBATION:  May 3rd, your Honor.

13         MR. RESNICK:  It's just basically restitution that

14   has changed.  If you do adjourn sentencing, this restitution

15   that is in this PSR, we would then use -- I would have to

16   submit a letter updating because there will be more

17   restitution in the next month or so, more counseling sessions,

18   so we'll do that, obviously, by letter, so we don't have to

19   amend the PSR.

20         THE COURT:  I understand that.  Clearly I've looked

21   at the restitution statute, it's meant to be liberally

22   construed, although certain requirements about reasonable

23   certainty.

24         MR. THOMPSON:  The other alternative, I commence,

25   would be if he were, if Mr. Penev and I together were to waive

1  the notice with respect to the most recent amendments to the

2  PSR, right, less than 10 days?

3           THE COURT:  Right.  That is what --

4           MR. RESNICK:  He has two options.  You can waive

5  that or go back to the 24th.

6           THE COURT:  I thought, and correct me if I'm wrong,

7  what you're saying if he did do that, you still don't have

8  enough time.

9           MR. THOMPSON:  Maybe not, I haven't talked to him

10  yet.  Sometimes it takes a few conversations.

11           THE COURT:  Here is what we need to do.  Marie,

12  could you ask Chuck Salina to come down or I'll ask Kelly.

13           MR. THOMPSON:  If I could finish my thought with

14  respect to the second, going forward on the present most

15  recently amended PSR, he is not going to waive the time frame

16  based on, so the option is does he consent to withdrawal of

17  that and consent to the amendment on the current PSR.

18           THE COURT:  That is what I said.  Let's --

19           MR. THOMPSON:  I think that is accurate.

20           THE COURT:  If they can't get him back here until 5

21  o'clock, it's a problem.  Now, I think when they bring

22  somebody back from Ohio, they bring them, they start out early

23  that day.

24           MR. THOMPSON:  Seems usually to be the case.

25           THE COURT:  What does it take to get here from Ohio?

1          DEPUTY MARSHALL:  Yes, your Honor.

2          THE COURT:  We have an issue in Mr. Penev.  There

3   was, as you may or may not know, I think my secretary called

4   your office yesterday just to alert them that Mr. Penev may

5   not be needed.  However, he is going to be needed tomorrow.

6          DEPUTY MARSHAL:  Okay.

7          THE COURT:  What is the earliest he can arrive by?

8          DEPUTY MARSHAL:  They leave between 2 and 4 in the

9   morning from Ohio.  I'm not sure what time they're going to be

10  leaving tomorrow, but usually they get to Batavia somewhere

11  around 10 o'clock, between 10 and 11.

12         THE COURT:  And what happens once they get into

13  Batavia?

14         DEPUTY MARSHAL:  They're usually booked in.

15         THE COURT:  Is there any reason we can't get him

16  brought here?  There is an issue of whether or not Mr. Penev

17  would be willing to waive matters in regard to a PSR in order

18  to see if he is willing to proceed on Monday.

19         DEPUTY MARSHAL:  We can.  We can have Ohio brought

20  here.

21         THE COURT:  If we schedule appearance 10:30,

22  sometime after 10.  What I would do is schedule it for late in

23  the afternoon to give Mr. Penev's counsel, Mr. Thompson, a

24  chance to speak to him.  My thought was we'd schedule a court

25  appearance at 3:30 in the afternoon to give Mr. Thompson the

1  opportunity to speak to Mr. Penev, provided Mr. Penev gets

2  here.

3           DEPUTY MARSHAL:  That that will give us ample amount

4  of time.

5           THE COURT:  Do we think they could get to us?

6           DEPUTY MARSHAL:  As we discussed going directly to

7  Batavia, we'll have him come directly here first, drop Penev

8  off.

9           THE COURT:  Are they bringing other prisoners back?

10          DEPUTY MARSHAL:  Yes.  They could make this their

11 first drop before going to Batavia.  I'll have them come

12 directly here first and drop him off and go back to Batavia

13 and we'll take him to Batavia after the court appearance.

14          THE COURT:  I appreciate that, thank you.

15          DEPUTY MARSHAL:  You're welcome.

16          THE COURT:  I'll place this on tomorrow at 3:30 and

17 that should give you, Mr. Thompson, an opportunity to speak to

18 Mr. Penev, alert him to what the issues are, and just so we're

19 on the same page, the issue is, one, is Mr. Penev willing to

20 waive -- excuse me, is willing to consent to withdrawal of the

21 September 24th revised PSR, be sentenced on the May 3rd PSR

22 and the issue really relates to restitution.  As it stands

23 now, the Government acknowledges that right now they have no

24 sufficient evidence to present for an award of lifetime

25 counseling, but the Government intends to supplement, as soon

1  as it can, communication to the Court what you believe the

2  counseling services are to date, right?

3          MR. RESNICK:  Yes, your Honor.  We'll do that by

4  letter.

5          THE COURT:  So, the Government -- so we're clear,

6  the Government, from what everyone is telling me, the May 2007

7  PSR puts counseling services at $3,000, roughly.

8          MR. RESNICK:  Yeah, certain number up to that date

9  or maybe before that date.

10         THE COURT:  The Government intends to offer some

11  kind of presumably detailed information, it's a sentencing

12  hearing, the Court can rely on hearsay, but it's got to be

13  reliable hearsay.  I can't get the restitution figure as this

14  without a basis.

15         MR. RESNICK:  It's in a letter submitted by the

16  counselor and speaking with the insurance provider, so we'll

17  provide all that information and a back up to the Court, it's

18  a certain number, whatever has been paid up to date for

19  counseling is the number and if we can determine a future

20  number, we'll get that in front of the Court as well.  At this

21  point in time, I haven't been able to do that.

22         THE COURT:  Whatever you're going to get, get it,

23  can you?

24         MR. RESNICK:  Probably have it by early tomorrow

25  morning, maybe by the end of the day.

1           THE COURT:  I would get it so Mr. Thompson can have

2   that when his client can make the decision.

3           MR. RESNICK:  We'll fax over everything we have

4   related to restitution.

5           THE COURT:  In any event, we'll put this on

6   tomorrow.  The only other issue, Mr. Resnick, I assume there

7   is no law, but if the defendant did not consent, I don't know

8   that there can be a unilateral withdrawal of the presentence

9   report that is submitted to me.  In other words, if the

10  defendant doesn't say, okay, I consent to withdraw the

11  September 24th presentence report, be sentenced on the May

12  report, unless he consents, I don't know that the Court can

13  unilaterally do that.

14          MR. RESNICK:  I don't think we're going to find too

15  much case law on that.  If that is the case, we'll adjourn

16  sentencing and I'll try to come up, have a date ready for

17  tomorrow.

18          THE COURT:  And I believe, as far as if it doesn't

19  work out, as far as a potential date, I'll leave you to try

20  and work out with Mr. Thompson before we come to court.

21  That's not going to happen because as you know in early

22  October we start that case that you no longer second chair on

23  which is going to take three or four weeks what I would have

24  to do and I want to plan ahead and suspend the trial at some

25  point so we can deal with the sentencing.  All right, counsel,

1   we'll be back tomorrow at 3:30.

2           MR. THOMPSON:  Thank you, Judge.

3                   REPORTER CERTIFICATION

4

5       I, Karen J. Bush, Official Court Reporter for the United

6   States District Court, Western District of New York, duly

7   appointed pursuant to provisions of Title 28 United States

8   Code Section 753, do hereby certify that I did report in

9   stenotype machine shorthand the proceedings held in the

10  above-entitled matter;

11      Further that the foregoing transcript is a true and

12  accurate transcription of my said stenographic notes taken at

13  the time and place hereinbefore set forth.

14

15

16  Dated  March 23, 2009

17  At Rochester, New York

18                              s\ Karen J. Bush

19                              _____

20

21

22

23

24

25