1        UNITED STATES DISTRICT COURT
         WESTERN DISTRICT OF NEW YORK
2  -----------------------------------x
   UNITED STATES OF AMERICA      :    Docket No. 06CR6009CJS
3                                 :
                    vs.           :
4                                 :
   MARIAN ASENOV PENEV            :
5                Defendant        :
   -----------------------------------x Status
6
                  Transcript of Proceedings
7            Before Honorable Charles J. Siragusa
                United States District Judge
8
                         Friday
9                 November 17, 2006
                  Rochester, New York
10                    11:00 a.m.

11  A p p e a r a n c e s :
         RICHARD RESNICK, ESQ.
12       Assistant United States Attorney
         6200 Federal Building
13       Rochester, New York 14614

14       DONALD THOMPSON, ESQ.
         16 West Main Street, Suite 243
15       Rochester, New York 14614
         Attorney for Defendant
16


17


18


19


20  Reported By:

21  Karen J. Bush

22  Official Court Reporter

23  U.S. District Court - WDNY

24  (585) 613-4312

25            THE COURT:  For the record, this is the matter of

1    the United States versus Marian Penev.  You are Marian Penev?

2              THE DEFENDANT:  Yes.

3              THE COURT:  And you're appearing with your attorney

4    Mr. Thompson; is that correct?

5              THE DEFENDANT:  That's correct.

6              THE COURT:  The Court notes the presence of Mr.

7    Resnick on behalf of the government.  Counsel, this matter was

8    put on today to set a trial date.  Now, Mr. Resnick, how much

9    time do we have on the speedy trial?

10             MR. RESNICK:  I calculated this morning a full 70

11   days takes us to January 26th.

12             THE COURT:  Bear with me while I get up my computer.

13   We'll start on the 16th.  Put the trial down for the 16th.

14   How long, counsel, do you anticipate it will take to block out

15   sufficient time?

16             MR. RESNICK:  I anticipate week, week and a half and

17   Mr. Thompson indicated three.

18             THE COURT:  Do you think three?

19             MR. THOMPSON:  I think closer to three than a full

20   week.

21             THE COURT:  I know both sides will have a lot

22   invested in time.  We'll set aside three weeks.  That takes us

23   to when?

24             THE CLERK:  Up to February 5th.

25             THE COURT:  We'll block out that three-week period.

1    I anticipate, I don't know, because, obviously, there is

2    issues of computers.

3              MR. RESNICK:  Yes.

4              THE COURT:  I anticipate we'll be in Judge Telesca's

5    courtroom.  Does that accommodate both sides?

6              MR. RESNICK:  It would be preferable to get in Judge

7    Larimer's.

8              MR. THOMPSON:  He has the newer system.

9              THE COURT:  In the past we've been able to do that.

10   I'll send Judge Larimer an email and ask if we could possibly

11   use his courtroom for the courtroom because it will involve --

12             MR. RESNICK:  We'd like to show the IMs or emails

13   that are in issue on the screen to the jury.  It would be

14   easier that way.

15             THE COURT:  I will do that and I'll let both of you

16   know whether he is agreeable to that.  If he is, we'll try the

17   case in Judge Larimer's courtroom.  If he is not for some

18   reason, he is in -- the Kodak case is starting that way down

19   the road?

20             MR. RESNICK:  No, Judge.

21             MR. THOMPSON:  My only concern, I start a trial the

22   same week you do in January and I'm not sure how long it's

23   supposed to go.  I don't have my calendar.  How long it's

24   blocked off, but I need may need your assistance with a state

25   court judge in accommodating the schedule here.

 1          THE COURT:  Who is it?

 2          MR. THOMPSON:  I'm trying to remember which one that

 3  is.

 4          THE COURT:  I'll do whatever --

 5          MR. THOMPSON:  Judge Bellini.

 6          THE COURT:  -- in adjourning your case.

 7          MR. THOMPSON:  We don't have speedy trial concerns

 8  in that case as we do here.

 9          THE COURT:  If you look at it, Mr. Thompson, and you

10  think that becomes necessary, I'll contact Judge Bellini and

11  see if it's possible to adjourn it.

12          MR. RESNICK:  One more thing, your scheduling order

13  generally sets forth a drop dead plea date.  I was wondering

14  if you could set one.  We have the family that comes every

15  appearance and if there is going to be a lot of prep.

16          THE COURT:  I think my scheduling order said that

17  the date, did my scheduling order indicate the date?

18          MR. RESNICK:  Yes, but we had a couple extra

19  adjournments because of discovery issues.

20          THE COURT:  There is no sense in me doing that

21  unless there is a possibility that it may be resolved by a

22  plea.  It's not the Court's role here to become involved in

23  plea negotiations unlike the state court.  So, I think the

24  first question I would ask counsel, is there ongoing

25  discussions and a possibility that the Government and the

1  Defense may reach a written plea agreement?

2          MR. THOMPSON:  I've had continuing discussions with

3  Mr. Resnick.  He provided to me a couple of proposed plea

4  agreements that we discussed in great specificity the terms.

5  of.  Before we set a drop dead date for the plea, I would like

6  to a chance to look at the remainder of the discovery, he

7  provided a disk and another one today which will be the final

8  bit of discovery we want to examine.  The examination requires

9  the assistance of my expert on Monday, but every time we come

10  to court, there has been additional discovery.  We haven't

11  been in a position, okay, Mr. Penev, it's up to you and we're

12  waiting two or three months.

13          THE COURT:  So I can understand, the Government has

14  presented -- and, again, because we have a lot of spectators,

15  the Court doesn't get a copy of the plea agreement until the

16  parties indicate that they're both on the same page.  So I

17  don't have any clue what the plea agreement says, but a plea

18  agreement has been presented.

19          MR. RESNICK:  There has been a plea agreement

20  presented to the Defense, I think a couple of drafts.  Another

21  one submitted recently.  Mr. Thompson is correct, there has

22  been additional discovery, really not much more than what he

23  has seen, but he needs to look at that.  But, I think,

24  hopefully, we would be in a position within the next week or

25  two for Mr. Penev to make a decision.

1         MR. THOMPSON:  That is not going to happen.  If we

2    want to set an arbitrary -- I want an opportunity to look at

3    the discovery before you start pressuring.

4         THE COURT:  First of all, again, whether the case is

5    tried or whether the Court can approve a plea agreement in the

6    first instance, that is up to the parties to present me with

7    an agreement.  My concern is that I'm blocking out three weeks

8    on this case.  As both sides know, Judge Telesca is no longer

9    handling criminal cases, there are certain constraints on the

10   availability of time.  I'm more than willing to set a

11   reasonable time if both sides agree, but I would really be

12   hard pressed to set it beyond a couple of weeks because it

13   will be difficult then to try and schedule something in that

14   time.  As it is, I'm bumping civil cases.  I don't want to

15   bump them needlessly.

16        THE CLERK:  There is one.

17        THE COURT:  And yet I don't want to keep the civil

18   attorneys on hold on the chance that this case will not go, so

19   counsel need to tell me if two weeks is realistic.  So

20   everyone knows, my scheduling order does indicate that absent

21   a plea agreement being presented to the Court and accepted on

22   the date the motions were originally scheduled, then the Court

23   would not entertain a plea to anything short of the entire

24   indictment.  However, Mr. Resnick points out the complicated

25   nature of the case, there have been various adjournments.  As

1  you pointed out, Mr. Thompson, you were provided with

2  discovery over the period of time, so it's not the typical

3  case.  In light of that, the Court would be willing to extend

4  the time, but again, if your expert is -- let's start with

5  this, when will Mr. Thompson have all the discovery or does he

6  have it all now?

7          MR. RESNICK:  I have another disk to give to him.

8  As I said to Mr. Thompson, it's things he's seen.  I think

9  that is all he asked for and that's it.

10         THE COURT:  So, Mr. Thompson, if you have the

11 information today and you can meet with your expert next week,

12 I guess I'll put it to you, why wouldn't you be in a position

13 to make a decision in a couple of weeks.  If you don't want

14 to, that's fine.  I can schedule it for trial.  I'm trying to

15 accommodate.

16         MR. THOMPSON:  There is a state court proceeding

17 that we're talking about simultaneously and working with

18 simultaneously that is not my part, obviously, but we're

19 trying to accommodate that as well.  I understand the Court's

20 time considerations, I'm hard pressed to say, yeah, it's going

21 to only take two weeks to make the decision when I haven't

22 seen the remainder of the discovery and I resent being pushed

23 in that direction.

24         THE COURT:  I don't think he is pushing you.  I'll

25 calendar it for two weeks.  If you're not in a position then,

1  we'll just go to trial, that's, to me, that is the fairest way

2  to do it.  Give you some opportunity, Mr. Resnick, it's

3  obviously a case where you want, on any possible disposition

4  short of trial, you want to sit down and I'm sure your office

5  wants to confer with the family members and, Mr. Thompson,

6  likewise, you want to confer with family members.  It's

7  certainly understandable.  What I'll do is I'll -- what is the

8  status of the state court proceeding?

9         MR. RESNICK:  Your Honor, both counsel are in court

10  today.  I think the trial --

11         THE COURT:  I see Mr. Damelio.  So, Mr. Damelio,

12  you're representing Mr. Penev.

13         MR. DAMELIO:  We're scheduled for trial, I believe,

14  the 21st or 22nd of January, which looks like if you're

15  starting on January 16th.

16         THE COURT:  To whom is that case assigned?

17         MR. DAMELIO:  Judge Bellini.

18         MR. THOMPSON:  She is going to have a bad month.

19         THE COURT:  I'll call her today on the scheduling

20  matter and state because of the speedy trial constraints, our

21  case has to go.  What is your speedy trial clock there?

22         MR. DAMELIO:  Actually, I apologize.

23         THE COURT:  And who --

24         MR. RESNICK:  Ms. Karle from the DA's office.

25         THE COURT:  Ms. Karle, come on up and join the

1  crowd.

2          MR. DAMELIO:  Judge, we have filed motions.  We have

3  a hearing date and motions are currently, upon the defense

4  request, we have waived.  Our motions are pending and we

5  directed and agreed that the DA would not answer our motions

6  basically until we see what happens here and how this case

7  will proceed.

8          THE COURT:  What is the day that Judge Bellini set a

9  calendar date?

10         MR. DAMELIO:  No, she indicated her trial date is

11 the trial date.

12         THE COURT:  What about the unresolved motions?

13         MR. DAMELIO:  We intend to argue them probably the

14 first week of December, the last day of November.

15         THE COURT:  Just so I understand, what you're all

16 indicating to me is there is discussions among all attorneys

17 about some type of global resolution of both cases.

18         MR. THOMPSON:  Yes.

19         THE COURT:  Again, since everyone is here,

20 presumably, Mr. Thompson, if you get the discovery, that would

21 be -- although I understand it's maybe not as much time as you

22 would prefer, I think it would be difficult to give any more

23 time because of the speedy trial constraints here, and so

24 everyone knows, we have a lot of spectators in court, on the

25 state side, the defendant can waive the Speedy Trial Act.  The

1  Speedy Trial Act requires that cases be tried within a certain
2  amount of time.  On the state side the defendant can waive the
3  speedy trial requirements.  Here in Federal Court, the
4  defendant cannot waive.  We're on a tighter clock.  As you
5  heard Mr. Resnick indicate, and Mr. Thompson agrees, under the
6  Speedy Trial Act, the case would have to be tried by the 26th
7  of -- the latest by the 26th of January and the defendant
8  cannot, by agreeing, extend that time.  So, what I'm going to
9  do is put this down, today is the 17th, we'll put it down for
10 December 1st.
11         THE CLERK:  Is a Federal Defender training.
12         THE COURT:  I'll put this down for 9 a.m. on Friday
13 December 1st.
14         MR. THOMPSON:  Actually, I think I'm speaking at
15 that one.  I'm a speaker.
16         THE COURT:  I'll put it down for the Thursday
17 before, 2 p.m. on Thursday the 7th.  What I will do is I will
18 call Judge Bellini and explain to her our situation.  I'm
19 sorry, Thursday November 30th, Thursday at 9 a.m.; is that all
20 right?
21         MR. RESNICK:  30th.
22         MR. THOMPSON:  I don't have my calendar.
23         THE COURT:  If you can't let us know, we'll count on
24 putting it down for Thursday November 30th at 9 a.m. for
25 counsel to alert me whether they're -- again, there's been

1  some type of resolution reached.  So, obviously, counsel know

2  the procedure, but spectators may not, once an agreement then

3  is presented to me, so to see if I would approve it.  I don't

4  have any input in the negotiation process.  It's different

5  than in state court.  In the meantime, I will call Judge

6  Bellini and tell her the situation.  And, in any event, if the

7  case is resolved, it appears both cases are resolved.  If not,

8  both cases will proceed to trial.  And, in any event, her

9  trial would have to be appear to be moved back.  Since all

10 counsel are here, you can perhaps take a moment and discuss

11 the best way to approach any possible resolution short of

12 trial.  Both sides want to discuss any resolutions with

13 representatives on both sides?  We'll put it on then for 9

14 a.m. on November 30th for counsel to inform the Court of

15 whether the case will be resolved by plea.  Now, if in the

16 meantime you determine that it will be resolved and you can

17 present the agreement to the Court, then we can proceed on the

18 30th, if the agreement is acceptable to the Court.  If you

19 haven't, if we're unable to do that, but you believe a

20 resolution is possible and you're not able to give me the

21 agreement until the 30th, then I would expect a short turn

22 around.  I would, if I got the agreement on the 30th and you

23 told me the resolution, I would put it down the next week to

24 see if it would be resolved short of trial.  Any other matters

25 we need to address?  So, what I'm going to do is contact Judge

1  Bellini and discuss the scheduling issue with her.

2           MR. THOMPSON:  Very well.

3           MS. KARLE:  Thank you, your Honor.

4                    REPORTER CERTIFICATION

5

6      I, Karen J. Bush, Official Court Reporter for the United

7  States District Court, Western District of New York, duly

8  appointed pursuant to provisions of Title 28 United States

9  Code Section 753, do hereby certify that I did report in

10  stenotype machine shorthand the proceedings held in the

11  above-entitled matter;

12      Further that the foregoing transcript is a true and

13  accurate transcription of my said stenographic notes taken at

14  the time and place hereinbefore set forth.

15

16

17  Dated  March 24, 2009

18  At Rochester, New York

19                          s\ Karen J. Bush

20                          _____

21

22

23

24

25