```
 1                  UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF NEW YORK
 2  ------------------------------------x
    UNITED STATES OF AMERICA        :    Docket No. 06CR6009CJS
 3                                   :
                       vs.           :
 4                                   :
    MARIAN ASENOV PENEV              :
 5                 Defendant         :
    -------------------------------x Status
 6
                    Transcript of Proceedings
 7             Before Honorable Charles J. Siragusa
                  United States District Judge
 8
                           Friday
 9                 September 28, 2007
                   Rochester, New York
10                       2:00 p.m.

11   A p p e a r a n c e s :
          RICHARD RESNICK, ESQ.
12        TIFFANY LEE, ESQ.
          Assistant United States Attorney
13        6200 Federal Building
          Rochester, New York 14614
14
          DONALD THOMPSON, ESQ.
15        16 West Main Street, Suite 243
          Rochester, New York 14614
16        Attorney for Defendant

17

18

19

20

21  Reported By:

22  Karen J. Bush

23  Official Court Reporter

24  U.S. District Court - WDNY

25  (585) 613-4312
```

1       THE COURT:  For the record, this is the matter of

2  the United States versus Marian Penev.  You are Marian Penev?

3       THE DEFENDANT:  Yes.

4       THE COURT:  And you're appearing with your attorney

5  Mr. Thompson; is that correct?

6       THE DEFENDANT:  Yes.

7       THE COURT:  The Court notes the presence of Ms. Lee

8  on behalf of the Government.  Mr. Penev, as I'm sure you are

9  now aware, an issue has come up with respect to the latest

10  presentence report that was filed.  I know you've had an

11  opportunity to discuss this with Mr. Thompson, but essentially

12  what happened is on September 24th a revised presentence

13  investigation report was filed.  As Mr. Thompson pointed out

14  in his communication of September 26th of 2007, under the law,

15  and, specifically federal law, I'm sure it doesn't mean

16  anything to you, the number, 18 U.S.C. Section 3552(d) clearly

17  requires that the presentence report that is filed be provided

18  to the defendant 10 days before sentencing unless that time

19  period is waived.  Mr. Thompson's correspondence specifically

20  indicates that he will not waive it.  We had a scheduling

21  conference yesterday.  At that scheduling conference, the

22  Government asked Mr. Thompson either to waive the request

23  requirement and allow sentencing to proceed as scheduled on

24  the September 24th presentence report or waive -- waive is the

25  wrong word -- or essentially agree that the September 24th

 1  presence report could be withdrawn.  If that was the case,

 2  then sentencing would be based on the May 2007 presence

 3  report, that was the crux of our discussions yesterday.  Mr.

 4  Thompson indicated that he wanted an opportunity to discuss

 5  with you what your position was.  That's why we're here today.

 6  And, Mr. Thompson, for you to report what the defense position

 7  is.

 8          MR. THOMPSON:  Mr. Penev is not in position to make

 9  a determination that he can consent to the waiver of the time

10  frame statutory time period or the withdrawal of the amended

11  PSR today, so I think we should pick another sentencing date.

12          THE COURT:  Ms. Lee, I did indicate to Mr. Resnick,

13  I don't recall if you were present, but I thought I indicated

14  if there was additional law that anyone perhaps wanted to

15  provide to me.

16          MS. LEE:  Unfortunately, your Honor, we could not

17  find any case law with respect to withdrawal of a presence

18  report.  I do note that the statute speaks of a report and it

19  doesn't say necessarily say any report, so I don't know.

20          THE COURT:  I don't -- it talks about the report.  I

21  want to go back because we discussed this yesterday.  I tried

22  to research the issue.  You're right, there is not much on it.

23  However, if you go to 18 U.S.C. Section 3552, I'm reading (d)

24  and I read it a number of times, but I'll read it again:  "The

25  court shall assure that a report filed pursuant to this

 1  section is disclosed to the defendant, the counsel for the

 2  defendant and the attorney for the government at least 10 days

 3  prior to the date set for sentencing."  As it stands now, the

 4  procedure utilized is that once sentencing occurs, the

 5  presentence report on which sentencing is based is filed in

 6  the clerk's office, by case law it's filed under seal, but

 7  it's filed. So, as it stands now, Mr. Spogen, you can correct

 8  me, that the report that you would be filing is the report of

 9  September 24th; is that correct?

10          PROBATION:  That's correct.

11          THE COURT:  So, Ms. Lee, again, I'm certainly open

12  for guidance, but it does clearly appear from the plain

13  reading of the statute that that report, that the report that

14  is filed has to be provided to the defendant 10 days before

15  sentencing.

16          MS. LEE:  It just seems such a -- just such a

17  hypertechnical matter, especially if this matter --

18  essentially when the only issue in the new report has to do

19  with restitution, which could have been provided in a letter,

20  and I think the parties agree that -- that with respect to the

21  May report, we're fine.  We understand what the facts are

22  contained in that report and what we're saying is the

23  additional paragraph in the September 24th report is of no

24  substance.

25          THE COURT:  You know, I'm not arguing with you.  The

 1 last thing as I said to Mr. Resnick that I want is to be back

 2 here at some point in the future because we didn't follow the

 3 law.  I mean, the law seems to be pretty clear that the report

 4 that's filed has to be -- and the report that is filed, unless

 5 you can present me with some law that can say we can say

 6 nevermind to the September 24th report.

 7          MS. LEE:  You know, it just seems to me, you know,

 8 the sentencing, whatever is contained in the presentence

 9 report, certainly affects the defendant, so it would seem to

10 me that he would have to show that he is prejudiced by being

11 sentenced on this report, which he had no notice of.

12          THE COURT:  Do you have any law to that effect?

13          MS. LEE:  No.

14          THE COURT:  Well, there has got to be some law.

15 Again, I gave the Government a chance to research it.  This is

16 a new position.  You're saying forget a revised report, you're

17 saying in any report, it doesn't follow, you're saying if the

18 defendant can't invoke the 10-day limit, unless he shows that

19 he wasn't prejudiced.  If I could take that argument to the

20 conclusion it means that the defendant has no objections to

21 the presentence report, let's forget the 11(c)(1)(C) context,

22 if you take your argument, it seems to be the logical

23 conclusion, and correct me if I'm wrong, what you're saying is

24 a defendant gets the presentence report two days before

25 sentencing, if he doesn't object to anything, then he can't

 1 invoke this 10-day requirement because he is not saying he is

 2 in any way prejudiced.  And I don't think that is correct.  I

 3 recall reviewing some cases that talk about the fact that the

 4 Defendant has to be given the presentence report and I didn't

 5 think they tied it in to any objection.  I have to admit, my

 6 research focused on trying to find a revised presentence

 7 report and I couldn't.

 8          MS. LEE:  And I think that's where our focus was,

 9 too, but I'm just thinking about what the notice requirement

10 is supposed to satisfy, and it just seems to me it's supposed

11 to assure the defendant opportunity to address issues which

12 are certainly of a due process concern to the defendant being

13 his sentencing.  So, but you're right, again, this is just a

14 theory, I'm just thinking about as I'm standing here, and I

15 don't have any case law at this point to articulate a

16 foundation for it, but it just seems to me that, for example,

17 if you know Mr. Thompson has an objection to the new September

18 report and if on the date of sentencing the Government says,

19 fine, you can disregard that paragraph, we're taking that

20 paragraph out of the equation, it's not even an issue, it's

21 not for your consideration because we agree that this has no

22 bearing on the sentencing in this case, then what you're left

23 with is the May report.  You're left with exactly the same

24 position we would be in.

25          THE COURT:  Well, the latest report, doesn't the

 1 | later report talk about restitution of $8,000, May 24th (sic)

 2 | report mentions an $8,000 -- or the September 24th report

 3 | mentions an $8,000 restitution figure and the numbers that I

 4 | just got from the Government have it down to $6,000 and don't

 5 | include the amount that should go to Excellus.

 6 |         MS. LEE:  But what we have here is the victim's

 7 | family is willing to say we're willing to live with the amount

 8 | as of May, I believe.

 9 |         THE COURT:  That's not what they're saying.  You

10 | know, the Government needs to get their act together.  That is

11 | not what they're saying.  The May amount, according to Mr.

12 | Spogen, was $4,000.

13 |         PROBATION:  $3000 and something.

14 |         THE COURT:  That is not what the Government is

15 | saying.  The Government is not saying that the victim's family

16 | -- I don't know what the Government is saying.  All I can say

17 | the latest communication I got from the Government puts the

18 | restitution at -- to the minor victim at $4,275, which I don't

19 | believe is accurate because it doesn't back out the amount

20 | that was reimbursed by the New York State Crime Compensation

21 | Board, so that figure should be reduced accurately by $863.70,

22 | and it sets a figure of $2,363.70, which the Government

23 | maintains should go to Excellus because --

24 |         MS. LEE:  It just seems to me, your Honor, if Mr.

25 | Spogen never filed the report, never filed this amendment and

 1   what happened, the Government offers the Court and Defense

 2   Counsel this letter to say this is where we're at in terms of

 3   restitution, we're in the same place.  The only difference is

 4   because it's contained within the presentence report and it

 5   just seems to me, you know, like --

 6            THE COURT:  So, again, I'm not arguing with what

 7   you're saying, I'm just trying to interpret the law.  Doesn't

 8   the law say that report that is filed, the report that is

 9   filed has to be provided 10 days before, isn't that what the

10   law says?

11            MS. LEE:  The law says a report filed.

12            THE COURT:  Well, and the only report that is going

13   to be filed is the one -- the only report that is going to be

14   filed is the one on September 24th, we don't file two reports,

15   right?

16            MS. LEE:  That's correct, but, you know, again, your

17   Honor, I mean, I mean, the failure here -- I just feel like

18   the failure in this situation is the fact that this report was

19   filed, I mean --

20            THE COURT:  It's not -- you're missing the whole

21   point, it's not filed yet.  The way it works here, the way it

22   works is I'm provided with a report, upon which sentencing is

23   based.  As you know, sometimes there is one report, sometimes

24   reports are revised.  I have a revised report.  The report

25   upon which I'm now basing -- would base sentencing is the

1 September 24th report. Once I sentence, that report is filed.

2 The way I read the statute, it says the report that is filed

3 has to be provided to the defendant 10 days before sentencing.

4 Am I reading the statute wrong?

5          MS. LEE: By your read then, if we agree that the

6 May report will be the report that is filed then --

7          THE COURT: You're right, and that is what I asked

8 the Government. Other than the emotional arguments, I mean is

9 there any -- I asked you, can you unilaterally withdraw? Can

10 a government unilaterally say we want probation to withdraw

11 the May 20 -- the September 24th report and sentence the

12 victim on -- excuse me -- and sentence the defendant on --

13          MS. LEE: On the May report, and that is what we're

14 saying. There is nothing in the statute prohibiting us from

15 saying file the May report.

16          THE COURT: Well, that's different than what Mr.

17 Resnick said yesterday. Yesterday Mr. Resnick, I thought, I

18 don't know if anyone was here, but my recollection is that he

19 said it comes down to whether or not Mr. Penev either would

20 waive the 10-day requirement as to the new presentence report

21 or consent to be sentenced on the old report. I think that is

22 what the Government said yesterday.

23          MS. LEE: Well, I think, though, that was prompted

24 by just this idea of can we just go back and agree to the May

25 report.

 1          THE COURT:  Let's stop.  When you say agree, who's

 2   got to agree?

 3          MS. LEE:  Well, that's the problem.  I mean, the

 4   statute doesn't give us a mechanism.  It doesn't tell us,

 5   well, in considering a report to be filed, you have to follow

 6   these steps.

 7          THE COURT:  Come on.  You don't usually choose a

 8   report to be filed.  Have you ever had a situation in the time

 9   you've been in the U.S. Attorney's Office where it's been

10   nevermind this latest report, let's go back to an old report?

11          MS. LEE:  Not in my experience.

12          THE COURT:  Neither have I.  And I understand it,

13   and believe me, the last thing I want is to inconvenience

14   anyone.  I've scheduled this a long time and, you know, I've

15   allowed a long time for the sentencing.  So, it's not -- it's

16   not because I want to adjourn it, I'm trying to follow what

17   the law says.

18          MS. LEE:  Well, I don't think Mr. Resnick or I had

19   really thought it through in terms of what the filing process

20   is by way of the presentence report.  You're correct, there is

21   no presentence report filed from the Government's perspective.

22   I think what prompted the discussion was that Mr. Resnick had

23   this realization, why don't we just go with the May report at

24   least from the May report --

25          THE COURT:  You weren't here yesterday, were you?

1          MS. LEE:  I was sitting in the back, your Honor.

2          THE COURT:  You heard him say he suggested that and

3  you also heard him say before we left, I might be wrong, Mr.

4  Spogen was here, you know, other people were here, I thought

5  he said before we went that we put this on to determine

6  whether or not the defendant would agree to consent to be

7  sentenced on the May 24th report or the May 2007 report.  I

8  thought that is why we put it on today.  And I thought it was

9  the Government's position, that if he didn't consent or agree

10 to withdraw, I mean, otherwise, what does the Government say,

11 Mr. Spogen don't use that report, get rid of the latest

12 report?  How else would not that be the report which is filed?

13 I mean, what -- under what mechanism would you just -- can the

14 Government just tell Mr. Spogen, don't use that report?  Can

15 the Court just say, don't use it and is it another minor

16 thing, but it includes a recommendation about the cost of

17 what, Mr. Spogen?

18          MR. THOMPSON:  Supervision.

19          MS. LEE:  I think that is why, to be on the safe

20 side, procedurally, we were seeking consent from the defendant

21 in the issue.

22          THE COURT:  It seems a little disingenuous.  Would

23 you say then to be on the safe side we wanted to seek the

24 consent from the defendant, but now that we didn't seek it, we

25 don't want to be on the safe side anymore?

1        MS. LEE:  No.  Again, I don't believe that is fair

2   because, your Honor, we're just trying to say, you know, as

3   far as the parties concerned, we're ready.  We were ready to

4   proceed based on the facts set out in the May report.  We were

5   ready all the way up until the point that all the parties were

6   notified in September that there was going to be a revision in

7   the September report.  And, you know, we don't believe that

8   the revisions in the September report are of the nature that

9   changed the substance of the May report and we believe that,

10  you know, that the defendant could proceed, we could proceed

11  based on positions we had on September 23rd.

12       THE COURT:  It doesn't come -- we discussed this in

13  great length.  If the defendant consents, that is not the

14  issue.  Does he have to proceed or does the defendant have a

15  right, and, apparently, wants to exercise that right, that is

16  the issue I'm faced with.  Does he have the right to say, no,

17  I didn't get my 10-day notice on the report that was going to

18  be filed, I didn't get the report that is going to be filed 10

19  days before sentence, therefore, it's my right to have that

20  report.  I'm not waiving my right, therefore, you can't

21  sentence me as scheduled.  That's -- I mean, that's the

22  question before the Court.  And believe me, I'm entirely

23  cognizant, because Mr. Resnick said that several people from

24  the victim's family have made arrangements to come up,

25  apparently, he said had non-refundable tickets.  I understand

 1  that and I'm not insensitive to that, however, it's my

 2  obligation to follow the law.   And sometimes --

 3          MS. LEE:  Your Honor, we just -- our position is

 4  yes, he has the right to 10-days notice for the report that is

 5  going to be -

 6          THE COURT:  The report.

 7          MS. LEE:  The report that is going to be filed.

 8          THE COURT:  I read -- when I say the court is in

 9  receipt of the presentence report as revised on September 24th

10  and if I'm relying on that report, which I think I have to, I

11  don't think I can say nevermind.

12          MS. LEE:  But I guess it's which report are we

13  consenting to and, obviously, the reliance now is now on the

14  latest report, the September report.

15          THE COURT:  And so I'm on the September report.

16          MS. LEE:  Okay.

17          THE COURT:  And I don't see that I have any choice

18  and it appears clear, again, we don't find the unique

19  situation we have here and I'm sure the Government has looked

20  at case law where if a defendant objects that he didn't get

21  the report 10-days before, the Circuit remands it back.

22          MS. LEE:  And we have seen that.

23          THE COURT:  That is what the Court is trying to

24  avoid, a situation where the Circuit says it's pretty clear

25  this is what the statute says, you were aware of that district

 1 | judge, you knew you didn't have -- he didn't have it 10 days

 2 | before, we've told you.  Now, could you make the same

 3 | arguments you're making in front of me?  Maybe.  You're

 4 | essentially saying no harm no foul, but I point out maybe you

 5 | could make the same argument if at sentencing on a presentence

 6 | report I said, well, you didn't get it 10 days before, tell me

 7 | why you need it 10 days before, you got it nine days before,

 8 | why do you need the extra day, are you going to make some

 9 | objections?  I don't think that would make a difference.

10 |           MS. LEE:  I think the statute is deficient because

11 | it doesn't provide for -- what are technical errors?  What is

12 | a J&C?  You have seven days to correct a minor technical

13 | figure, if there is -- restitution is off, there is a 10-day

14 | period to allow for that type of mistake, it doesn't make

15 | sense, that is all we're dealing with, this September -- a

16 | very technical.

17 |           THE COURT:  I should point out the September report,

18 | as we know, contains a reference to a letter that is not in

19 | the May report that was solicited by the Government.  I think

20 | it's unfair -- I mean, it's a letter by the, if I remember

21 | right, by the certified social worker that talks about not

22 | just -- I think that is where we get the figure of $8000, but

23 | talks about the need for future services.  And what you seem

24 | to be saying is, okay, if we withdraw anything that the

25 | defendant objects to in a presentence report, then there is no

 1 | harm and the 10-day period can be waived.  I don't think that

 2 | is the case.  I'm not --

 3 |           MS. LEE:  I'm not saying that the 10-day period be

 4 | waived.  I'm saying, no harm.  We're back in the May report,

 5 | he got the 10-day notice on the May report.

 6 |           THE COURT:  Have you found any law -- forget the

 7 | context of the revised presentence report -- any law that

 8 | supports that position.  Let me give you the scenario you're

 9 | giving the Court.  You come to sentence, the defense says I

10 | didn't get this report 10 days before and I'm objecting to

11 | this enhancement, all right.  We'll withdraw that.  Do you

12 | have any law that would say, okay, and I guess that is what

13 | I'm asking and that is what I asked yesterday.

14 |           MS. LEE:  No, it's just -- I don't think it's a

15 | situation that's litigated because at the point we say we

16 | withdraw, they're fine with it, they're not going to say there

17 | is the 10-day violation because they got what they wanted

18 | terms of the withdrawal of whatever the issue is.  You know,

19 | but, your Honor --

20 |           THE COURT:  We'll take out -- we'll go back to the

21 | May restitution and take out the latest letter that we got, I

22 | mean, when you say take it out, I don't know what you mean,

23 | it's in the report.  What do I do, just forget it?  I mean, I

24 | don't know what you want me to do other than ignore the

25 | statute because somehow I'm saying, okay, it's a technical

 1 | violation and even though the statute doesn't provide for --

 2 | doesn't mention prejudice or doesn't mention technical

 3 | violations, you should go ahead.  I mean, believe me, I

 4 | thought long and hard about it.  As I said, I don't know

 5 | whether it would ever come back.  Obviously, the Government at

 6 | least, has entertained the possibility that it could come

 7 | back, otherwise you wouldn't use the phrase the safer course

 8 | would be to try and get the defendant to consent.  Safer

 9 | course implies that there is a problem, there is a potential

10 | problem if he doesn't consent.

11 |         In any event, it's regretable, however, the law is

12 | clear, the law that I read doesn't contain any provision for

13 | what we've discussed as no harm, no foul so the Court

14 | determines it has no choice but to reschedule.

15 |         MS. LEE:  Well, the Government is going to provide

16 | you the dates that we've been provided by the victim's family

17 | in terms of the dates that they --

18 |         THE COURT:  And I said yesterday, I would

19 | accommodate both sides on those dates, even if it meant -- I

20 | think I mentioned to both sides, the Court has scheduled for

21 | two lengthy trials, I'll try and accommodate everyone as best

22 | I can.  I will break the trials, as I understand this is

23 | important.

24 |         MR. THOMPSON:  Can I get my calendar from the

25 | Marshals?

 1        THE COURT:  The last thing I said, what the Court

 2   wants is this to come back.  Especially since it's an

 3   11(c)(1)(C).

 4        MR. THOMPSON:  I'm going to get a break in trials,

 5   too.  Judge, maybe I'll need your assistance with that.

 6        THE COURT:  All right.

 7        MR. THOMPSON:  Depending on the date we pick.

 8        THE COURT:  All right.  We'll pick a date that is

 9   agreeable.  We can do it any time after the --

10        MS. LEE:  Your Honor, these are the dates I've been

11   provided -- Wednesday, October 24th, all day, Thursday and

12   Friday either October 25th and 26th, mornings only.

13        THE COURT:  Let's go with the 24th.  Mr. Thompson,

14   how does that look?

15        MR. THOMPSON:  I'm in the middle of a state court

16   trial, but I'm sure if you make a request, they'll let me out

17   for the day.

18        THE COURT:  Who is the judge?

19        MR. THOMPSON:  Valentino.

20        THE COURT:  I'll call Judge Valentino.  To the

21   extent I'm in trial, I'll schedule it to accommodate everyone.

22   We will put this on down then for 2 o'clock.  All right?  Does

23   that work for everyone?

24        MR. THOMPSON:  Fine, Judge.

25        MS. LEE:  That's fine.

1      THE COURT:  We'll put it down for 2 o'clock and I'll

2  rework my schedule, put it down for 2 o'clock.  I say 2

3  o'clock, that should give everyone time, give you time to like

4  work on your trial with people, people are coming from out of

5  town, that should give them more time to come in.  All right.

6  We'll reschedule this, and to be clear, I will be sentencing

7  on the presentence report filed as revised on September 24th.

8      MS. LEE:  Thank you.

9      THE COURT:  Thank you very much.

10              REPORTER CERTIFICATION

11

12     I, Karen J. Bush, Official Court Reporter for the United

13  States District Court, Western District of New York, duly

14  appointed pursuant to provisions of Title 28 United States

15  Code Section 753, do hereby certify that I did report in

16  stenotype machine shorthand the proceedings held in the

17  above-entitled matter;

18     Further that the foregoing transcript is a true and

19  accurate transcription of my said stenographic notes taken at

20  the time and place hereinbefore set forth.

21

22  Dated  March 24, 2009

23  At Rochester, New York

24                          s\ Karen J. Bush

25                          _____